FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 16, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RUBY T., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 4:19-CV-05091-JTR <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 13, 17. Attorney Chad L. Hatfield represents Ruby T. (Plaintiff); Special Assistant United States Attorney Ryan Ta Lu represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **DENIES** Defendant's Motion for Summary Judgment; **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. §§ 405(g), 1383(c).

**JURISDICTION**

Plaintiff filed applications for Supplemental Security Income (SSI) and

ORDER GRANTING PLAINTIFF'S MOTION - 1

Disability Insurance Benefits (DIB) on September 9, 2015, Tr. 122, 138, 264, alleging disability since October 1, 2014, Tr. 266, 273, due to a back injury, bipolar depression, anxiety, Hashimoto's Thyroiditis, type 2 diabetes, cervical spondylosis, lumbar-sacral spondylosis, neck/muscle strain, migraines, and chronic back pain, Tr. 328.  The applications were denied initially and upon reconsideration.  Tr. 178-85.  Administrative Law Judge (ALJ) R.J. Payne held a hearing on January 25, 2018 and heard testimony from Plaintiff, medical expert Lynne Jahnke, M.D., psychological expert Nancy Winfrey, Ph.D., and vocational expert Jeff Cockrum.  Tr. 40-93.  The ALJ issued an unfavorable decision on March 9, 2018 finding Plaintiff was not disabled from October 1, 2014 through the date of the decision.  Tr. 15-31.  In the decision, the ALJ reopened Plaintiff's previous application, which was filed on September 29, 2014.  Tr. 15.  The Appeals Council denied review on February 20, 2019.  Tr. 1-5.  The ALJ's March 9, 2018 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. §§ 405(g), 1383(c).  Plaintiff filed this action for judicial review on April 26, 2019.  ECF No. 1.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties.  They are only briefly summarized here.

Plaintiff was 40 years old at the amended date of onset.  Tr. 266.  Plaintiff completed a nursing program in 1998.  Tr. 329.  Her reported work history was as a Licensed Practical Nurse.  Tr. 330.  When applying for benefits Plaintiff reported that she stopped working on February 1, 2010, stating "I was fired from my last job and I went into a deep depression."  Tr. 329.  Even though she was fired, she stated that her conditions became severe enough to keep her from working as of February 1, 2010 and that the severity of her conditions caused her to make changes in her work activity as early as November 1, 2009.  *Id*.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations. 20 C.F.R. §§ 404.1520(a),

416.920(a)(4). If the claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work, and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, she is found "disabled." 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On March 9, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act from October 1, 2014 through the date of the decision.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 1, 2014, the alleged date of onset. Tr. 18.

At step two, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease of the spine with spondylosis and arthritis; obesity; bipolar disorder; panic disorder; generalized anxiety disorder; and major depressive disorder. Tr. 18.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined that she could perform a range of sedentary work with the following limitations:

> [S]he can lift, carry, push, and/or pull 10 pounds occasionally and 5 pounds frequently. The claimant has no limitations on her ability to sit. She can stand 30 minutes at one time, and can walk 30 minutes at one time with 2 hours total in an 8-hour workday. She can occasionally stoop, kneel, crouch, crawl, and balance. She can occasionally climb ramps and stairs; but never climb ladders, ropes, or scaffolds. The

claimant can have no exposure to unprotected heights. She can have no concentrated exposure to extreme cold or heavy industrial vibration. The claimant can frequently reach overhead with her bilateral upper extremities. The claimant is unable to work in a job setting where the general public is generally present, and is unable to work in large crowds (i.e., no work where there are 30 or more co-workers in a small room).

Tr. 21. The ALJ identified Plaintiff's past relevant work as a licensed practical nurse, and found that Plaintiff was not able to perform this past relevant work. Tr. 29.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of document preparer, addresser, and call-out operator. Tr. 30. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act from October 1, 2014, through the date of the ALJ's decision. Tr. 31.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly weigh the medical opinions in the record; (2) failing to make a proper step three determination; (3) failing to properly weigh Plaintiff's symptom statements; and (4) failing to make a proper step five determination.

## DISCUSSION

**1.    Medical Opinions**

Plaintiff argues that the ALJ failed to properly consider and weigh the medical opinions expressed by Kevin Taylor, M.D., Maria Castillo, ARNP, Thomas Genthe, Ph.D., Brent Packer, M.D., Lynne Jahnke, M.D., and Nancy Winfrey, Ph.D. ECF No. 13 at 10-15.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

When an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons, and when an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" to reject the opinion. *Lester*, 81 F.3d at 830-31. The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

A.   **Kevin Taylor, M.D. and Maria Castillo, ARNP**

On January 8, 2016, Nurse-Practitioner Castillo[1] completed a Physical

---

[1]The Court acknowledges that a Nurse-Practitioner in this case would not be considered an acceptable medical source, and therefore not subject to the specific and legitimate standard set forth in *Lester*. 20 C.F.R. §§ 404.1502(a), 416.902(a); *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). However, since the

Functional Evaluation form for the Washington Department of Social and Health Services (DSHS).  Tr. 857-59.  Nurse-Practitioner Castillo opined that Plaintiff's impairments caused a marked limitation in the following basic work activities: sitting, standing, walking, lifting, carrying, handling, pushing, pulling, reaching, stooping, crouching, and communicating.  Tr. 858.  Nurse-Practitioner Castillo opined that Plaintiff was capable of performing sedentary work in a regular predictable manner despite her impairments.  Tr. 859.  She stated that Plaintiff's limitation would persist for six to twelve months with available medical treatment.  *Id*.

On December 1, 2017, Nurse-Practitioner Castillo and Dr. Taylor signed a letter stating the following:

> The patient has been very compliant and optimistic with her long-term therapy and treatment plan for the conditions listed today.  Her activities of daily living have been altered over time with minimal progression currently, at this time.  Her health condition and limitations are not likely to change within the next year.  I do recommend disability assistance for this very pleasant person.

Tr. 917.

On December 18, 2017, Nurse-Practitioner Castillo completed a Medical Report form.  Tr. 918-19.  She opined that if Plaintiff were attempting to work a 40-hour per week schedule she would probably miss four or more days per month due to her medical impairments.  Tr. 919.  Additionally, she stated that based on the cumulative effect of all Plaintiff's limitations she would likely be off-task over 30% of the time during a 40-hour workweek.  *Id*.  The ALJ assigned these opinions little weight, stating the following:

> Although the opinion that the claimant can perform sedentary work is

---

ALJ's reasons for rejecting the opinions were not supported by substantial evidence, the standard the ALJ was required to meet is not at issue.

ORDER GRANTING PLAINTIFF'S MOTION - 7

> consistent with the record evidence as a whole, the remainder of their opinions regarding disability are afforded little weight. This opinion is inconsistent with the documented improvement in the claimant's pain and limiting symptoms with her prescribed course of conservative treatment. Further, their opinions do not adequately account for the claimant's ability to independently care for her personal needs and her daily activities despite the combined effect of her physical impairments.

Tr. 26-27. The ALJ followed this statement with a string of citations to the record, which were presumably in support of his conclusion. Tr. 27. First, the ALJ cited to a January 25, 2018 letter from Plaintiff following the hearing. Tr. 429. It is unclear what the ALJ intended to substantiate with the citation to this document. In the letter, Plaintiff states that Nurse Practitioner Castillo "is the only person I feel like I can really trust and open up to." Tr. 429.

Next, the ALJ cites twice to an x-ray from February 10, 2017 showing "[s]table findings of cervical spondylosis." Tr. 898-99. This provides no insight into the improvement the ALJ stresses is present, nor does it address Plaintiff's ability to independently care for herself or perform her daily activities. Therefore, this citation does not support the ALJ's finding.

The ALJ cites twice to the same Physical Therapy Progress Report dated April 24, 2017 stating that Plaintiff "has attended 12 physical therapy visits for this episode of care. At this time she notes that the pain continues to remain." Tr. 901, 988. Her goal was to decrease her pain, and her prognosis was listed as fair. Tr. 902, 989. The additional physical therapy records cited by the ALJ show slow antalgic gate. Tr. 990. Therefore, this also does not support the ALJ's conclusion that Plaintiff's impairments improved.

The ALJ then cites to 38 pages of records from Stephen Dechter, D.O. Tr. 920-57. These records show that Plaintiff received two bilateral sacroiliac joint steroid injections and one bilateral lumbar medial branch block. Tr. 925, 934, 941. By the last appointment in December of 2017, Plaintiff stated that only 10% of the pain symptoms were relieved and that the current therapy was not adequate. Tr.

920. While some of the records noted improvement with the pain initially following each injection, this relief did not last. Plaintiff reported a 20% pain relief following the bilateral lumbar medial branch block. Tr. 939. On March 6, 2017, Plaintiff reported her pain was much improved following the February 16, 2017 injection, but by June 20, 2017 Plaintiff reported her pain was returning and Dr. Dechtler recommended another injection. Tr. 929, 932. She received her second injection on September 7, 2017, Tr. 925, but by December 26, 2017 she reported only a 10% improvement in pain, Tr. 920. Therefore, this citation to the record does not support the ALJ's finding that Plaintiff's treatment improved her pain.

Next, the ALJ cited a December 23, 2017 MRI showing no evidence of acute lumbar spine compression fracture, but there was multilevel diffuse posterior disc bulge without significant spinal stenosis, and mild right neural foraminal stenosis at L4-5 level without definite impingement of the right exiting L4 nerve root. Tr. 959-60. The report states that "there is probably no significant interval change since the prior exam," which was an MRI from October 14, 2014. *Id*. This does not support the ALJ determination that Plaintiff's pain improved with treatment or that she can care for herself and perform daily activities.

Finally, the ALJ cited to a January 30, 2018 examination by Melvin Wahl, M.D. diagnosing Plaintiff with degenerative lumbar spinal stenosis, stating that she "has lifestyle limiting pain." Tr. 1158-63. Again, this citation to the record does not support the ALJ's finding that Plaintiff's pain improved with treatment or that she could perform personal care or daily activities.

Here, the ALJ found that Plaintiff's pain improved with treatment, she was capable of caring for her personal needs, and could perform her daily activities. Tr. 27. However, the evidence the ALJ cited does not support these findings. Therefore, these reasons are not supported by substantial evidence, and the matter is remanded for additional proceedings to properly address the medical opinions in

the record.

### B. Thomas Genthe, Ph.D.

Dr. Genthe completed an evaluation and a Psychological/Psychiatric Evaluation form for DSHS. Tr. 860-69. He diagnosed Plaintiff with major depressive disorder with anxious distress, post-traumatic stress disorder, and other specified personality disorder (with borderline, avoidant, paranoid and passive aggressive features). Tr. 862. He opined that she would have a moderate limitation in five basic work activities. Tr. 862-63. He concluded the evaluation with the following statement:

> From a psychological perspective, [Plaintiff's] prognosis is viewed as guarded, which is based on the chronicity of her problems. At this time, she is unlikely to function adequately in a work setting until her psychological symptoms have been managed more effectively. Given her response to treatment, and willing participation, a period of no less than 6-9 months may likely be needed to address her treatment needs at least moderately well, and help her regain the necessary emotional functioning to resume fulltime work related activities.

Tr. 863. The form is undated; however, it appears that DSHS generated the form for Dr. Genthe's completion on February 24, 2016. Tr. 860, 864. The ALJ gave Dr. Genthe's opinion great weight, stating the following:

> His opinion is consistent with the improvement in the claimant's mental health symptoms with her prescribed course of treatment. His opinion also adequately accounts for the claimant's need for continued mental health treatment for anxiety related symptoms. Further, his opinion is consistent with the claimant's ability to independently care for her personal needs and activities of daily living despite her mental health symptoms.

Tr. 27.

Plaintiff argues that by assigning the opinion great weight and not finding her disabled, the ALJ failed to set forth specific and legitimate reasons for rejecting

ORDER GRANTING PLAINTIFF'S MOTION - 10

1   Dr. Genthe's statement that Plaintiff "is unlikely to function adequately in a work
2   setting until her psychological symptoms have been managed more effectively."
3   ECF No. 13 at 13.  Defendant argues that this statement is of little probative value
4   because disability is an issue reserved for the Commissioner.  ECF No. 17 at 11-
5   12.  Defendant is accurate that a statement from a medical source that a claimant is
6   "disabled" or "unable to work" does not require the ALJ to determine the claimant
7   meets the definition of disability.  20 CFR §§ 404.1527(d)(1), 416.927(d)(1).
8   Nevertheless, the Ninth Circuit has held that "[i]f the treating physician's opinion
9   on the issue of disability is controverted, the ALJ must still provide 'specific and
10  legitimate' reasons in order to reject the treating physician's opinion." *Holohan v.*
11  *Massanari*, 246 F.3d 1195, 1203 (9th Cir. 2001).  Here, the ALJ provided no
12  reason for rejecting any portion of the opinion from Dr. Genthe, who was an
13  examining psychologist.  The Court recognizes the difference between a treating
14  and examining provider, but relies on S.S.R. 96-8p in extending the Ninth Circuit's
15  holding in *Holohan* to the examining psychologist in this case.  *See* S.S.R. 96-8p
16  (the residual functional capacity assessment "must always consider and address
17  medical source opinions.  If the [residual functional capacity] assessment conflicts
18  with an opinion from a medical source, the adjudicator must explain why the
19  opinion was not adopted.").  Since the ALJ included no such explanation, the ALJ
20  will readdress the full opinion on remand.
21      **C.    Brent Packer, M.D.**
22      In March of 2016, Dr. Packer reviewed records from Lourdes Family
23  Medicine, TCCH, and Dr. Genthe and completed a Review of Medical Evidence
24  form and a Disability/Incapacitation Determination form for DSHS.  Tr. 891-97.
25  On March 4, 2017, Dr. Packer limited Plaintiff to sedentary work and gave her
26  marked limitations in environmental/non-exertional restrictions, postural
27  restrictions, and gross or fine motor skill restrictions.  Tr. 895.  He also assigned
28  her a significant or moderate limitation in six of the psychological basic work

activities. Tr. 894. On March 7, 2017, Dr. Packer recommended changing the limitation to less than sedentary work stating that Plaintiff was unable to perform sedentary work for "even brief periods without employer accommodations." Tr. 892. He also stated that it was unlikely that Plaintiff could pace and persist over a normal 40-hour workweek. *Id*. He further stated that impairment severity equaled listing 1.02A. *Id*.

The ALJ gave little weight to the marked environmental, postural, and manipulative limitations "as the record as a whole demonstrates an improvement in the claimant's physical condition with her prescribed course of conservative treatment." Tr. 27. Here, the ALJ failed to address any portion of the March 7, 2017 opinion. Nowhere did the ALJ address the limitation to less than sedentary work, the inability to pace and persist, or the equaling of a listed impairment. Social Security Ruling (S.S.R.) 96-8p states that the residual functional capacity assessment "must always consider and address medical source opinions. If the [residual functional capacity] assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." Therefore, on remand the ALJ will readdress Dr. Parker's opinions.

**D.  Lynne Jahnke, M.D., and Nancy Winfrey, Ph.D.**

Dr. Jahnke and Dr. Winfrey testified at Plaintiff's hearing. Tr. 45-66. Despite stating that Plaintiff did not meet a listing and providing a residual functional capacity opinion that was not work preclusive, Dr. Jahnke stated that "I wouldn't disagree with either of them [Nurse Practitioner Castillo and Dr. Packer] and I think as you said, the nurse, knowing the claimant, undoubtedly factoring in the mental health issues that might make coping with ongoing pain difficult. More difficult than the, for you or I perhaps." Tr. 58. Likewise, Dr. Winfrey found Plaintiff did not equal or meet a listing, but she did limit Plaintiff to "not be in a public setting, including no interaction with the public, but no job that takes place in the public." Tr. 62. She also opined that an increase in psychological symptoms

ORDER GRANTING PLAINTIFF'S MOTION - 12

would coincide with physical flares.  Tr. 66.

The ALJ assigned these opinions great weight.  Tr. 28.  However, since the case is being remanded for the ALJ to readdress the other medical source opinions in the record, these opinions will also have to be readdressed on remand.

**2.    Step Three**

Plaintiff challenges the ALJ's step three determination that Plaintiff's impairments did not medically equal a listing.  ECF No. 13 at 15-16.

The ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of one of the listed impairments.  Tr. 18.  Since the case is remanded for the ALJ to properly address an opinion that includes a finding that Plaintiff's impairments equaled listing 1.02A, the ALJ will readdress step three on remand.

**3.    Plaintiff's Symptom Statements**

Plaintiff contests the ALJ's determination that Plaintiff's symptom statements were unreliable.  ECF No. 13 at 16-19.

It is generally the province of the ALJ to make determinations regarding the reliability of Plaintiff's symptom statements, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing."  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester*, 81 F.3d at 834.  "General findings are insufficient:  rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."  Tr. 22.  The evaluation of a claimant's symptom statements and their

ORDER GRANTING PLAINTIFF'S MOTION - 13

resulting limitations relies, in part, on the assessment of the medical evidence. See 20 C.F.R. §§ 404.1529(c), 416.929(c); S.S.R. 16-3p. Therefore, in light of the case being remanded for the ALJ to readdress the medical source opinions in the file, a new assessment of Plaintiff's subjective symptom statements will be necessary.

**4.    Step Five**

Plaintiff challenges the ALJ's determination at step five. ECF No. 13 at 20. Since the case is being remanded to further address medical source opinions and Plaintiff's symptom statements, a new residual functional capacity determination and step four determination will be required. Upon remand, the ALJ will make a step five determination if one is required.

## REMEDY

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison v. Chater*, 759 F.3d 995, 1021 (9th Cir. 2014)a (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

This case is remanded for additional proceedings because it is not clear from

the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Additional proceedings are necessary for the ALJ to further address the medical source opinions in the record, the step three determination, Plaintiff's symptom statements, and the step five determination. Additionally, the ALJ will supplement the record with any outstanding medical evidence and take testimony from a vocational expert in the event that a step four or five determination is required.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED, in part,** and the matter is **REMANDED** for additional proceedings consistent with this order.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED June 16, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE